**HUNTON ANDREWS KURTH LLP**
Robert T. Quackenboss (pending admission *pro hac vice*)
RQuackenboss@HuntonAK.com
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Jeff R. R. Nelson (State Bar No. 301546)
JNelson@HuntonAK.com
Brandon M. Marvisi (State Bar No. 329798)
BMarvisi@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Movant/Defendant
DAVID B. ERICKSON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID B. ERICKSON,<br><br>    Movant,<br><br>    v.<br><br>BUILDER ADVISOR GROUP LLC,<br><br>    Third Party. | CASE NO.: 3:22-mc-80094<br><br>**MOTION TO COMPEL RESPONSES TO SUBPOENA DUCES TECUM** |
| AMERICAN SOUTHERN HOMES HOLDINGS, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID B. ERICKSON, et al.,<br><br>    Defendants. | |

## I. INTRODUCTION

David B. Erickson served a subpoena duces tecum on Builder Advisor Group LLC ("BAG") on January 18, 2022. The subpoena set a deadline of January 31, 2022 and designated San Francisco, California as the place of production. Despite the passing of the deadline 64-days ago, BAG has not complied with the subpoena. Despite multiple efforts to obtain BAG's compliance, BAG continues to refuse to respond to the subpoena. Accordingly, Erickson has been forced to bring this action to enforce the subpoena, issued by the United States District Court for the Middle District of Georgia in a lawsuit styled as *American Southern Homes Holdings, LLC, et al. v. David B. Erickson, et al.*; Case No. 4:21-cv-00095-CDL.

## II. FACTUAL BACKGROUND

Erickson founded Grayhawk Homes, Inc., the largest homebuilder in Columbus, Georgia. He also owned or managed other companies involved in residential homebuilding and development in Columbus and elsewhere. In November 2019, Erickson sold certain operating assets of Grayhawk Homes, Inc., the company he had built over three decades, to American Southern Homes Holdings, LLC ("ASHH") and its subsidiary, ASH-Grayhawk, LLC (collectively, "ASH"). Erickson invested millions of dollars of the proceeds into ASHH. He also served as a consultant for ASHH's acquisitions, joined ASHH's board of directors, and eventually served as ASHH's interim CEO. Erickson later resigned as interim CEO and as a director and voluntarily disclosed his intent to reenter the homebuilding industry in areas well outside of Columbus that would have no competitive impact on ASH. Since then, ASH has sought to suppress Erickson's reentry into the industry regardless of where he chooses to build homes, culminating in a 10-count Second Amended Complaint currently pending in the Middle District of Georgia that includes, as relevant here, causes of action for breach of a consulting agreement and breach of a non-compete agreement.

Tony Avila is the CEO of BAG, a boutique investment banking firm that specializes in M&A advisory and capital raising solutions for residential real estate builders and developers. BAG is headquartered in Corte Madera, California, within this District. Avila is a prominent deal maker in the residential real estate world, known nationwide for bringing parties together for investments, purchases, and mergers. He is also an investor and member of ASH, and has knowledge regarding

communications with ASH about Erickson's consulting activities that are central to the underlying action. As further relevant here, Avila communicated with both Erickson and ASH about multiple transactions and potential transactions, and advised Erickson that ASH had no interest in pursuing them. ASH now claims those attempted deals were violative of the consulting agreement and the non-compete agreement signed by Erickson.

Accordingly, Erickson issued a subpoena to BAG requesting four discrete categories of documents directly relevant to his defense of the Georgia lawsuit. Nelson Decl. Ex. C. Erickson originally attempted to personally serve the subpoena at BAG's office, but Erickson's process server was met with hostility and forced out of BAG's office. Following the attempted personal service, Avila told Erickson that he did not want to get involved in the dispute between ASH and Erickson. Erickson then served the subpoena on BAG's registered agent on January 18, 2022 and required production of all responsive documents by January 31, 2022. *Id*., Ex. D. January 31, 2022 came and went without any response from BAG.

On March 16, 2022, counsel for Erickson called BAG's headquarters and spoke with Cara Newman, BAG's Executive Administrator of Operations and Client Relations, who requested an emailed copy of the subpoena and stated she was the responsible party at BAG to respond to any subpoenas. *Id*. ¶ 2. On March 18, 2022, Erickson's counsel emailed the subpoena to Newman and requested confirmation by March 21, 2022 that BAG would comply with the subpoena. *Id*. ¶ 3, Ex. A. BAG never responded. *Id*. ¶ 3. Accordingly, on March 23, 2022, Erickson's counsel sent another email to Newman and Avila to request BAG's compliance with the subpoena by March 30, 2022. *Id*. ¶ 4, Ex. B. Again, BAG never responded. *Id*. ¶ 4. Accordingly, Erickson has in good faith conferred with BAG in an effort to obtain a response to the subpoena without court action, but has been forced to initiate this action and file this motion.

### III.     ARGUMENT

Federal Rule of Civil Procedure 37 provides for the Court to compel a non-party subpoena recipient to disclose relevant documents that it has withheld and order the subpoenaed party to pay the movant's reasonable expenses incurred in making a motion to compel, including attorney's fees. As detailed above, the information sought in the subpoena is relevant to Erickson's defense and

prosecution of his counterclaims in the Georgia lawsuit. The documents subject to the subpoena will likely show that Erickson was specifically advised that the deals he has pursued are not in violation of his agreements with ASH . They also are likely to reveal communications between Avila and ASH that demonstrate ASH's full knowledge of all of Erickson's business activities material to ASH's claims. They are further likely to include relevant important admissions and statements between and among ASH principles about the harmless nature of Mr. Erickson's business activities and the lack of damage related thereto. The subpoena was properly issued and served. The Court should compel BAG to immediately comply and to pay all of Erickson's attorneys fees incurred in connection with the subpoena, as required by Rule 37(a)(5)(A).

## IV.   CONCLUSION

For the foregoing reasons, the Court should compel BAG to produce all documents responsive to the subpoena within 7 days and to pay Erickson's attorney fees and costs incurred in bringing this motion.

Dated:  April 6, 2022                              **HUNTON ANDREWS KURTH LLP**

By:     /s/ *Jeff R. R. Nelson*
           Robert T. Quackenboss
           Jeff R. R. Nelson
           Brandon Marvisi
           Attorneys for Movant
           DAVID B. ERICKSON

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627