UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. ERICKSON,<br><br>　　　　　Movant,<br><br>　　v.<br><br>BUILDER ADVISOR GROUP LLC,<br><br>　　　　　Third Party. | Case No. 22-mc-80094-TSH<br><br>**ORDER GRANTING MOTION TO COMPEL RESPONSES TO SUBPOENA DUCES TECUM AND DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 1 |

## I.　INTRODUCTION

David Erickson brings a motion to compel third party Builder Advisor Group LLC to comply with a subpoena duces tecum he served in connection with a case that is currently pending in the United States District Court for the Middle District of Georgia, *American Southern Homes Holdings, LLC, et al. v. David B. Erickson, et al.*; Case No. 4:21-cv-00095-CDL.  ECF No. 1. Erickson also seeks attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37.  No opposition has been received.  The Court finds this matter suitable for disposition without oral argument.  *See* Civ. L.R. 7-1(b).  Having considered Erickson's position, relevant legal authority, and the record in this case, the Court **GRANTS** the motion to compel but **DENIES** the request for Rule 37 sanction for the following reasons.

## II.　BACKGROUND

Erickson founded Grayhawk Homes, Inc., a homebuilder in Columbus, Georgia.  In November 2019 he sold certain operating assets of Grayhawk Homes to American Southern Homes Holdings, LLC and its subsidiary, ASH-Grayhawk, LLC (collectively, "ASH").  Erickson later resigned as interim CEO and as a director and disclosed his intent to reenter the homebuilding industry in areas outside of Columbus.  Since then, he alleges ASH has sought to

1  suppress his reentry into the industry, culminating in ASH's complaint against him in Georgia that
2  includes causes of action for breach of a consulting agreement and breach of a non-compete
3  agreement.
4      Tony Avila is the CEO of Builder Advisor Group, an investment banking firm that
5  specializes in M&A advisory and capital raising solutions for residential real estate builders and
6  developers.  Builder Advisor Group is headquartered in Corte Madera, California, within this
7  District.  Erickson states that Avila is an investor and member of Builder Advisor Group and has
8  knowledge regarding communications with ASH about Erickson's consulting activities that are
9  central to the underlying action.  Erickson alleges Avila communicated with both Erickson and
10 ASH about multiple transactions and potential transactions, advising Erickson that ASH had no
11 interest in pursuing them.  According to Erickson, ASH now claims those attempted deals were
12 violative of the consulting agreement and the non-compete agreement signed by Erickson.
13     On January 18, 2022, Erickson served a subpoena on Builder Advisor Group's registered
14 agent "requesting four discrete categories of documents directly relevant to his defense of the
15 Georgia lawsuit."  Mot. at 2 (citing Nelson Decl. Ex. C, ECF No. 1-4; *id.*, Ex. D, ECF No. 1-5).
16 After Builder Advisor Group failed to respond, counsel for Erickson called Builder Advisor
17 Group's headquarters on March 16 and spoke with Cara Newman, its Executive Administrator of
18 Operations and Client Relations, who requested an emailed copy of the subpoena and stated she
19 was responsible for responding to any subpoenas.  Nelson Decl. ¶ 2, ECF No. 1-1.  On March 18
20 Erickson's counsel emailed the subpoena to Newman and requested confirmation by March 21.
21 *Id.* ¶ 3 & Ex. A, ECF No. 1-2.  After receiving no response, Erickson's counsel sent another email
22 to Newman and Avila to request Builder Advisor Group's compliance with the subpoena by
23 March 30.  Nelson Decl. ¶¶ 3-4 & Ex. B, ECF No. 1-3.  Having received no response, Erickson
24 filed the present motion on April 7.  He requests the Court compel Builder Advisor Group to
25 produce all documents responsive to the subpoena and to pay his attorney fees and costs incurred
26 in bringing the motion.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits a party to serve a subpoena on a non-party requiring production of documents. Fed. R. Civ. P. 45(a)(1)(D). "If a non-party fails to respond, a party seeking enforcement of a subpoena to bring a motion in "the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The appropriate forum for a motion to enforce a third-party subpoena is in the district where compliance is required. *See Music Grp. Macao Comm. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015).

The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)). Under Rule 26, a party may discover any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *Id.* Thus, on a motion to compel discovery, the moving party must first demonstrate that the information requested is within the scope of permissible discovery. *In re: Subpoena to Apple Inc.*, 2014 WL 2798863, at *2 (N.D. Cal. Jun 19, 2014). The burden then shifts to the party opposing discovery to show "that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information." *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978)).

### IV. DISCUSSION

Here, Erickson served a subpoena requesting production of documents that are "directly relevant to his defense of the Georgia lawsuit." As such, the discovery is permissible under Rules 26 and 45. Further, as Builder Advisor Group didn't respond to Erickson's motion, it has failed to meet its burden to show any reason the discovery should not be permitted. Accordingly, the Court

shall grant Erickson's motion to compel.

Erickson also seeks attorney's fees and costs under Rule 37(a)(5)(A), which provides that, if the Court grants a motion to compel, it must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, "[t]he only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45[.]" *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (holding Rule 37 is inapplicable to non-parties). Thus, the Court may not impose Rule 37 sanctions against a nonparty for asserted noncompliance with a subpoena issued under Rule 45. *See id.* at 494 n.4 (noting that Rule 37 does not authorize an award of expenses for a motion to compel nonparties to produce documents); *Chaudhry v. Angell*, 2021 WL 1711101, at *3 (E.D. Cal. Apr. 29, 2021) ("A subpoena under Rule 45, in contrast, is directed at the nonparty. It obligates the nonparty to appear at the scheduled deposition at pain of being held in contempt. None of the other sanctions available under Rule 37 are available against the nonparty.") (citing *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018)); *McAllister v. St. Louis Rams, LLC*, 2018 WL 6164281, at *2 n.4 (C.D. Cal. July 2, 2018) ("Rule 45 is only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum") (citing *Pennwalt Corp.*, 708 F.2d at 494); *Warkentin v. Federated Life Ins. Co.*, 2012 WL 113745, * 2 (E.D. Cal. Jan. 13, 2012) ("Rule 37 does not authorize an award of expenses, for a motion to compel nonparties to produce documents.").

Although sanctions are not available under Rule 37, Rule 45(g) provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." However, "while Rule 45 subpoenas are treated as court orders, '[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena.'" *Gordy v. Granlund*, 2019 WL 3753184, at *2 (N.D. Cal. Aug. 8, 2019) (quoting Advisory Comm. Note to 2013 Amendment to Rule 45(g)). Thus, "many [c]ourts have noted . . . that [b]efore sanctions can

4

be imposed under [the Rule], there must be a court order compelling discovery." *Poturich v. Allstate Ins. Co.*, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015) ((internal citations and quotation marks omitted; alternations in the original); *see also In re Plise*, 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014) ("[I]n cases of nonparty subpoenas under Civil Rule 45, the court must first issue an order compelling the nonparty's compliance with the subpoena, and the nonparty must fail to comply with the order before any contempt sanctions can be awarded."). No such order has issued here. Thus, even if Erickson brought his request under Rule 45, the Court finds it would be premature to find Builder Advisor Group in contempt. *See Poturich*, 2015 WL 12766048, at *3 (finding Rule 37 is inapplicable to non-parties and declining to award sanctions under Rule 45's contempt authority where there was no court order compelling discovery in place); *Gordy*, 2019 WL 3753184, at *2 (declining to hold non-party in contempt under Rule 45 where no order compelling non-party's compliance with subpoena had issued).

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Erickson's motion to compel. Builder Advisor Group LLC must comply with Rule 45 and respond to the subpoena and produce all responsive documents by May 12, 2022. Failure to comply with this order may result in the imposition of sanctions under Rule 45. Erickson's motion for attorney's fees and costs under Rule 37 is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 28, 2022

THOMAS S. HIXSON
United States Magistrate Judge